IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEET METAL WORKERS' LOCAL 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' HEALTH &WELFARE<br>FUND OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' PENSION FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' ANNUITY FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' VACATION FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' SUPPLEMENTAL<br>UNEMPLOYMENT BENEFIT (S.U.B.) FUND<br>OF LOCAL NO. 19<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and | CIVIL ACTION<br><br>NO. |

| | |
|---|---|
| SHEET METAL WORKERS' JOINT APPRENTICESHIP FUND OF PHILADELPHIA AND VICINITY<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>INDUSTRY FUND OF THE SHEET METAL CONTRACTORS ASSOCIATION OF PHILADELPHIA AND VICINITY<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147<br><br>and<br><br>SHEET METAL WORKERS' INTERNATIONAL TRAINING INSTITUTE (ITI)<br>601 North Fairfax Street<br>Suite 600<br>Alexandria, VA  22314<br><br>and<br><br>GARY MASINO, TRUSTEE<br>Sheet Metal Workers' Local 19 Benefit Funds<br>1301 South Columbus Boulevard<br>Philadelphia, PA  19147,<br><br>Plaintiffs,<br><br>v.<br><br>M.J. BINDER COMPANY, LLC d/b/a M.J. Binder and/or BMC Industrial, LLC<br>1645 Bustleton Pike<br>Feasterville, PA 19053<br><br>and<br><br>MICHAEL J. BINDER<br>1280 Jasmine Way<br>Feasterville, PA 19053<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# C O M P L A I N T

## The Parties

1.      The Plaintiffs in this action are Sheet Metal Workers' Local Union No. 19 ("Plaintiff Union"), an unincorporated labor organization within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, with its principal office located at 1301 South Columbus Boulevard, Philadelphia, PA 19147 and Sheet Metal Workers' Welfare Fund of Local No. 19, Sheet Metal Workers' Pension Fund of Local No. 19, Sheet Metal Workers' Annuity Fund of Local No. 19, Sheet Metal Workers' Vacation Fund of Local No. 19, Sheet Metal Workers' S.U.B. Fund of Local No. 19, Sheet Metal Workers' International Training Institute (ITI), Sheet Metal Workers' Joint Apprenticeship Fund of Philadelphia and Vicinity, Industry Fund of the Sheet Metal Contractors Association of Philadelphia and Vicinity ("Plaintiff Funds"), each of which is an employee benefit plan pursuant to Section 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1002(3).  They are due the relief sought from Defendants as set forth below.  Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of Plaintiff Funds.  Plaintiff Gary Masino is a Trustee and fiduciary of the Funds, and brings this action in such capacity on behalf of the Funds.

2.      Defendant, M.J. Binder Company, LLC d/b/a M.J. Binder and/or BMC Industrial, LLC (hereinafter "Corporate Defendant") , is a Pennsylvania company doing business at 1645 Bustleton Pike, Feasterville, PA 19053 and/or 1280 Jasmine Way, Feasterville, PA 19053.

3. Defendant Michael J. Binder is an adult individual, upon information and belief, residing at 1280 Jasmine Way, Feasterville, PA 19053.

4. Defendants are engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement(s) in the Commonwealth of Pennsylvania.

5. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section §1002(5) and Section 1145.

## Jurisdiction & Venue

6. Jurisdiction of the District Court is invoked pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, in that the Defendant is an employer within the meaning of the Labor Management Relations Act, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

7. Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.


## Cause Of Action

8. On April 24, 2015, a Stipulated Judgment was entered in a previous action between these parties holding M.J. Binder, LLC and BMC Industrial, LLC were alter-egos of each other, and further holding that single corporate enterprise jointly and severally with their principle owner, Michael J. Binder, for a sum of $203,251.68 found due in previous action against M.J. Binder, LLC on its own. *See* Stipulated Judgment in EDPA Civil Action No. 2:14-cv-05887-RB (attached hereto as Ex. A); and Judgment Upon Confession in EDPA Civil Action No. 2:12-cv-04840-CDJ (attached hereto as Ex. B).

9. The Stipulated Judgment in EDPA Civil Action No. 2:14-cv-05887-RB further provided:

> Corporate Defendants represent that none of the individual entities are presently performing work covered by the Local 19 collective bargaining agreement signed by M.J. Binder Company, LLC. However, it is understood by the parties that, subsequent to the signing of this stipulation, should any of the Corporate Defendants perform any work covered by the Local 19 collective bargaining agreement, that entity will have an obligation to contribute to Local 19's benefit funds as described by the Local 19 collective bargaining agreement to the fullest extent of the law.

Ex. A, at ¶ 3.

10. Since the entry of the Stipulated Judgment, the Defendants have not made a single payment toward the Judgment, nor have they notified the Plaintiffs of the resumption of work governed by the collective bargaining agreement. The copy of the collective bargaining agreement is attached hereto as Exhibit C.

11. Plaintiff has learned that the Defendant has resumed performing covered work for which it has not abided by the collective bargaining agreement to make payments to the Local 19 Benefit Funds, as required by the collective bargaining agreement and the Stipulated Judgment.

12. As part of Defendant's obligation under the collective bargaining agreement(s) and the Trust Agreement governing the Funds, Defendant is required to submit to periodic audits to verify the payroll figures upon which contributions are based. *See* Ex. C.

13. In the absence of such an audit, due to Defendants' unclean hands, Plaintiffs have no means to determine when the Defendants resumed performing covered work, nor the amount of contributions owed pursuant to the collective bargaining agreement and the Stipulated Judgment.

14. On August 29, 2018, the Plaintiff Funds sent the Defendants a notice of audit, to which it received no response. Attached hereto as Exhibit D.

15. On September 5, 2018, the Plaintiffs' auditor, Linda Zambetti, was refused entry to the offices of the Corporate Defendants.

12. Plaintiffs believe, and therefore aver, that Defendants must submit to an audit and make payment upon all unpaid contributions, interest, and penalties to Plaintiff Funds that are discovered as a result of said audit.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Defendant and in favor of the Plaintiffs as follows:

    a. An accounting of all amounts due to the various benefit funds, based upon examination of the Defendant's payroll records;

    b. Judgment in the amount found to be due and owing after the audit; including any accrued delinquencies as of the date this claim is reduced to judgment;

    c. Reasonable counsel fees, interest and costs of suit, including costs of audit;

    d. Injunctive relief ordering the Defendant to submit to audits of its payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

  e. Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

  f. Other relief as the Court deems just and proper.

        Respectfully submitted,

        **SPEAR, WILDERMAN, P.C.**

        BY: _____
        MARTIN W. MILZ, ESQUIRE
        Suite 1400
        230 S. Broad Street
        Philadelphia, PA  19102
        (215) 732-0101
        Attorney for Plaintiffs

Dated: December 20, 2018