IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEET METAL WORKERS' LOCAL 19, SHEET METAL WORKERS' HEALTH & WELFARE FUND OF LOCAL NO. 19, SHEET METAL WORKERS' PENSION FUND OF LOCAL NO. 19, SHEET METAL WORKERS' ANNUITY FUND OF LOCAL 19, SHEET METAL WORKERS' VACATION FUND OF LOCAL NO. 19, SHEET METAL WORKERS' SUPPLEMENTAL UNEMPLOYMENT BENEFIT (S.U.B.) FUND OF LOCAL NO. 19, SHEET METAL WORKERS JOINT APPRENTICESHIP FUND OF PHILADELPHIA AND VICINITY, INDUSTRY FUND OF THE SHEET METAL CONTRACTORS ASSOCIATION OF PHILADELPHIA AND VICINITY, SHEET METAL WORKERS' INTERNATIONAL TRAINING INSTITUTE (ITI) and GARY MASINO, Trustee : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION |
| v. : | |
| M.J. BINDER COMPANY, LLC, d/b/a M.J. Binder and.or BMC Industrial, LLC and MICHAEL J. BINDER : : : | NO. 18-5511 |

**<u>MEMORANDUM</u>**

In an earlier action brought by Sheet Metal Workers Local 19 and its related benefits funds (collectively "Local 19") to recover employee contributions withheld by the defendants (collectively "Binder"), the parties entered into a consent judgment requiring Binder to pay all amounts due.[1]  After Binder failed to make any payments, Local 19

---

[1] April 24, 2015 Stipulated Judgment, Case No. 14-5887 (ECF No. 9).

initiated this action to compel an audit to determine the amount of contributions due and to enter judgment in that amount.[2]

On February 12, 2019, we entered an order requiring Binder to submit to an audit of "all payroll books and records."[3]  Since then, the parties have argued over which records must be made available to conduct the audit.[4]  Binder argues that only payroll documents and W-2s are required based on a plain reading of the Order.[5]  Local 19 demands additional documents it claims are standard for Local 19 employer audits.[6]  The Collective Bargaining Agreement ("CBA") authorizes Local 19 to "inspect or audit all Employer's records" related to the required contributions.[7]  Binder provided Local 19 its payroll records and W-2s in March 2019, and refused to provide any additional documents.[8]  Local 19 then canceled the audit.

Earlier this year, Local 19 resumed its interest in the audit.[9]  After failing to reach agreement with Binder's counsel about the scope of the audit, Local 19 filed a Motion to Enforce Judgment and Civil Contempt for Binder's failure to comply with the order.[10]

---

[2] *See* Compl. (ECF No. 1).

[3] February 12, 2019 Order (ECF No. 13).

[4] *See* Pl.'s Mot. to Enforce, Ex. E (ECF No. 16).

[5] *Id.*

[6] *Id.*  Local 19's requested documents include: individual employee wage records showing hours worked; payroll registers; employee time cards; federal/state payroll tax returns; fringe benefit reports; employee expense records; cash disbursement journals; job cost accumulation worksheets; billing/invoices for subcontractors; and bid sheets/documentation related to waivers granted.  *Id.* at Ex. B.

[7] *Id.* at Ex. F.

[8] Def.'s Resp. to Pl.'s. Mot. To Enforce, Ex. H (ECF No. 19).

[9] Pl.'s Mot. to Enforce, Ex. G.

[10] *See Id.*

**Discussion**

Employers are required to make contributions to appropriate funds in accordance with the terms and conditions of the applicable plan or collective bargaining agreement. 29 U.S.C. § 1145. If an employer fails to make contributions, the fund may sue the employer to retrieve those delinquent funds. An employer has an obligation to "maintain records with respect to each of his employees sufficient to determine the benefits due." 29 U.S.C. § 1059(a)(1). What records are required to be maintained are determined by the plan itself. *Henderson v. UPMC,* 640 F.3d 524, 528 (3d Cir. 2011).

To aid in recouping delinquent contributions, funds may conduct an audit of the employer. An audit is a permissible form of relief when a fund alleges an employer is not making adequate contributions and the amount of missing contributions is unknown. "Fund trustees have a fundamental duty to locate and take control of fund property – 'a duty for which the right to audit is crucial.'" *Bd. of Trs. of the Int'l Union of Operating Eng'rs Local 825 Pension Fund v. River Front Recycling Aggregate, LLC*, No. 15-8957, 2016 WL 6804869 at *6 (D.N.J. Nov. 16, 2016) (quoting *Jaspan v. Glover Bottled Gas Corp.*, 80 F.3d 38, 41 (2d Cir. 1996)). An employer is required to document work covered by a collective bargaining agreement. *Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs v. Ray Haluch Gravel Co.*, 695 F.3d 1, 9–10 (1st Cir. 2012) (reversed on other grounds) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 566 (1985)).

The goal of an audit is to calculate the amount of benefits due to the fund. To accomplish this goal, an audit must determine the number of work-hours paid by the employer and how many of those hours were for covered work. *See Composition Roofers*

*Union Local No. 30 Welfare Trust et al. v. L.A. Kennedy Inc.,* No. 93-1558, 1996 WL 220975 (E.D. Pa., May 2, 1996) (goal of employer audit is to confirm "the precise amount of covered work that was performed so that the [fund] contributions can be computed").

Local 19 has the right to audit "all Employer's records *related to*" payments covered by the CBA.[11]  It alleges it is unable to calculate Binder's contributions owed for covered work from only the W-2s and payroll documents it was provided in 2019.  *See Motion Picture Indus. Pension v. N.T. Audio Visual Supply, Inc.*, 259 F.3d 1063 (9th Cir. 2001) (affirming conclusions of auditors that an employer's "payroll records, timecards, and W-2s" were "insufficient[] to determine precisely how many hours of covered work were performed").  Local 19 is entitled to examine all records necessary to determine the amount of contributions due.  *See* 29 U.S.C. § 1059(a)(1).

The parties' disagreement about the scope of the audit may be attributable to the Order's lack of specificity.  Payroll records, timecards, and W-2s will allow the auditors to determine what union members were paid.  They will not reveal how much of Binder's work was covered.  Absent that factor, it is impossible to calculate the benefits due.

We conclude that Binder must submit documents sufficient to establish whether its work is covered. Therefore, we shall issue an order requiring Local 19 to identify what documents it needs to determine covered work and allowing Binder to object to each category of documents as unnecessary.

---

[11] Pl.'s Mot. to Enforce, Ex. F (emphasis added).